## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHERISH BALL, #M18488,                          )
                                                )
          Plaintiff,                            )
                                                )
vs.                                             )          Case No. 25-cv-00357-SMY
                                                )
JOHN BARWICK,                                   )
JAIME BEN BROOK,                                )
FOOD SUPERVISOR ANDREW,                         )
FOOD SUPERVISOR KASSING,                        )
FOOD SUPERVISOR UNDERWOOD,                      )
FOOD SUPERVISOR BURG,                           )
COUNSELOR A. HAGGARD,                           )
C/O BIRD,                                       )
C/O ADCOCK,                                     )
NURSE DIANA,                                    )
NURSE GILL,                                     )
NURSE BRANDY,                                   )
NURSE JANE DOE 1,                               )
NURSE JOHN DOE 1,                               )
DR. BOB,                                        )
DR. AJDESNI,                                    )
DR. GORDON, and                                 )
CHRISTINE BROWN,                                )
                                                )
          Defendants.                           )

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Cherish Ball's First Amended Complaint (Doc. 18) is now before the Court for review. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for the alleged denial of a therapeutic diet at Pinckneyville Correctional Center. He seeks monetary relief.[1] Because Plaintiff was a prisoner on the date he filed this action, the First Amended Complaint is subject to screening

---

[1] Plaintiff was released from custody after filing this action, so any request for injunctive relief stemming from his conditions of confinement are considered **MOOT**. (IDocs. 27, 30-32).

1

under 28 U.S.C. § 1915A, which requires dismissal of portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. *Id*.

### First Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 18, pp. 1-22): Plaintiff is allergic to legumes. When he consumes any kind of bean or legume, he suffers from a range of symptoms that include itchiness and swelling in his throat, tingling in his chest, abdominal pain, rashes, cramps, vomiting, diarrhea, bloody stools, bloody urine, bloody spit up, breathing difficulties, hives, dizziness, and loss of consciousness. *Id*. at 8.

Plaintiff disclosed his legume allergy to Nurse Jane Doe when he arrived at Pinckneyville on November 4, 2024. He showed the nurse his original therapeutic diet order and medical permit for no legumes/beans during his medical intake interview. Nurse Doe documented the allergy in his medical file and indicated that he would be placed on a special diet "immediately" once the documents were processed. *Id*. at 8-9.

The same day, Plaintiff received a lunch tray containing beans. *Id*. at 9. When Plaintiff showed C/O Adcock his permit for a therapeutic diet containing no legumes, Adcock responded, "[Y]our shit out of luck that all we got it's either this or nothing." *Id*. (errors in original). Plaintiff was "left to starve." *Id*. He repeatedly asked to meet with Dr. Bob or Dr. Ajdesni, but his requests were ignored. He was not scheduled for an appointment with either prison physician. Dr. Gordon finally met with him and issued a therapeutic order on March 6, 2025. *Id*.

In the meantime, Plaintiff submitted several emergency grievances to report the denial of a therapeutic diet, resulting illness, and/or starvation. He sent emergency grievances to Warden Barwick on November 13, 2024, December 18, 2024, and March 24, 2025. *Id*. at 10. All emergency grievances were deemed non-emergencies and discarded. *Id*.

He also filed regular grievances. In response, Counselor A. Haggard told Plaintiff that the IDOC does not recognize a bean allergy on December 11, 2024. Haggard refused to provide the names of dietary and medical personnel to write about the issue on January 28, 2025. The counselor stated, "[W]e protect our own[,] right or wrong." *Id*. at 11.

Food Supervisors Brook, Underwood, Andrew, Kassing, and Burg disregarded the original and new special diet orders. Plaintiff wrote personal letters to Brook and Underwood asking them to comply with the original therapeutic diet order in November 2024, December 2024, and January 2025, among other dates. Brook and Underwood explained "they" do not acknowledge the medical allergy to legumes/beans and instructed Plaintiff to either "eat or don't eat." *Id*. at 10. When Plaintiff asked Andrew to help, the supervisor said, "[L]isten coon, I does not care if you die from your allergy your not getting a non-bean tray." *Id*. (errors in original). Lieutenant Colbert laughed when he heard this. *Id*. Plaintiff attempted to address the issue with Burg and Kassing, but they instructed him to "eat around the beans." *Id*. When Plaintiff explained that he became ill and lost consciousness when trying this technique on March 11, 2025 and April 2, 2025, they told him to "fuck off." *Id*. When C/O Bird learned that Plaintiff received beans on a meal tray on February 27, 2025, the officer said, "Fuck him. If he die he did something good by his family." *Id*. at 12.

At some point, Plaintiff notified Nurse Diana that cross-contamination caused him to become ill. Nurse Diana agreed to include him on the list to see a doctor. Nurse Gill, Nurse Brandy, and Nurse John Doe did the same, after Plaintiff described his symptoms and health issues during separate sick calls. Plaintiff was not seen by a physician, even after receiving these assurances from the nurses. *Id*. at 11.

Based on the allegations, the Court designates the following claim in the *pro se* First Amended Complaint:

**Count 1:**  Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's legume allergy by denying him a therapeutic diet and continuing to serve him food trays containing legumes even after he repeatedly suffered from allergic reactions in 2024-25.

Any other claim mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Discussion

### Preliminary Dismissals

Plaintiff mentions Lieutenant Colbert in the statement of his claim but does not identify this individual as a party in the case caption or list of defendants.  Therefore, the Court will not treat this person as a defendant.  *See* FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties").  All claims against Lieutenant Colbert are considered dismissed without prejudice.

Plaintiff identifies Christine Brown as a defendant in the First Amended Complaint but makes no allegations against her.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely invoking the name of a potential defendant is not enough to state a claim).  This defendant cannot be said to have notice of which claims, if any, are directed against her.  FED. R. CIV. P. 8(a)(2).  Accordingly, Christine Brown will be dismissed from this action without prejudice.

### Count 1

Prison officials violate the Eighth Amendment prohibition against cruel and unusual punishment when they exhibit deliberate indifference to prison conditions that deny inmates "the minimal civilized measure of life's necessities," including adequate food, shelter, clothing, and

4

medical care. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). Prisoners are entitled to food that meets their nutritional needs, and the withholding of nutritionally adequate food can amount to an objectively serious deprivation. *See Williams v. Shah*, 927 F.3d 476, 479 (7th Cir. 2019) (collecting cases); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). When determining whether the denial of food rises to this level, "a court must assess the amount and duration" of the deprivation. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).

The court must also consider whether each prison official acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Deliberate indifference occurs when the official knew the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to prevent it. *Farmer*, 511 U.S. at 847. When making this determination, the court must consider whether each defendant received information from which an inference could be drawn that a substantial risk existed and drew the inference. *Townsend v. Fuchs*, 522 F.3d at 773. It is not enough to show that the official acted negligently or should have known about the risk. *Id.* (citations omitted).

Plaintiff's alleged regular exposure to legumes in his diet at Pinckneyville constitutes an objectively serious deprivation. Plaintiff alleges he was diagnosed by a doctor with a serious allergy to all legumes. He also alleges that he carried a permit for a legume-free diet when he transferred to Pinckneyville on November 4, 2024, and received a new order for a therapeutic diet from a prison physician on March 6, 2025. However, for at least six months beginning November 2024, he was exposed to legumes in his diet before and after receiving the updated permit and was forced to choose between eating food that caused illness or eating no food at all when served with meal trays containing legumes.

Plaintiff also sufficiently alleges deliberate indifference to his food allergy by numerous defendants.  He claims that food supervisors Brook, Andrew, Kassing, Underwood, and Burg refused to honor the original and new permit for a legume-free diet even after learning of the serious symptoms he suffered from exposure to legumes and instead, encouraged him to consume food that was contaminated with legumes.  These defendants also allegedly offered him no alternative source of nutrition.  Based on these allegations Plaintiff states a colorable claim in Count 1 against all five food supervisors.

Plaintiff alleges he filed several emergency grievances with Warden Barwick to request a legume-free diet in November 2024, December 2024, and March 2025, among other dates.  In each one, Plaintiff described his food allergy, his illness from exposure to legumes, and his only other option, *i.e.*, starvation.  Warden Barwick denied each emergency grievance as a non-emergency and then discarded it.  When Plaintiff filed regular grievances with Counselor Haggard, the counselor refused to recognize the documented food allergy or provide Plaintiff with the names of anyone he could contact about the issue.  As a result, Plaintiff continued to suffer from exposure to legumes.  Because Plaintiff alleges both grievance officials were personally involved in his ongoing exposure to and resulting illness from legumes, Count 1 will proceed against them.

However, this claim will be dismissed against all other defendants, including the correctional officers (C/O Adcock and C/O Bird), nurses (Nurse Jane Doe, Nurse John Doe, Nurse Diana, Nurse Gill, and Nurse Brandy), and doctors (Dr. Bob, Dr. Adjesni, and Dr. Gordon).  Plaintiff describes a single brief encounter with C/O Adcock and C/O Bird, who each allegedly responded to his request for a legume-free meal tray by verbally harassing him.  However, Plaintiff does not allege or plead facts suggesting that either officer possessed authority to authorize, acquire, or serve him a modified meal tray.  "Simple verbal harassment," standing alone, does not

6

amount to deliberate indifference. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *but see Lisle v. Wellborn*, 933 F.3d 705, 717 (7th Cir. 2019). Because the allegations fail to state a claim for deliberate indifference, Count 1 will be dismissed against both officers.

The allegations against the nurses also fall short of describing deliberate indifference. Plaintiff alleges only that each nurse agreed to place him on a list to see a prison physician about his legume allergy and related symptoms. He does not describe what symptoms he reported, what requests he made for treatment, whether any symptoms required urgent care, when each sick call occurred, or whether each nurse actually, intentionally, or only accidentally excluded him from the physician's list. Therefore, Count 1 will be dismissed without prejudice against all nurse defendants.

As for the doctors, Plaintiff alleges that he "repeatedly" asked to see Dr. Bob and Dr. Adjesni. He does not identify who he asked or that Dr. Bob or Dr. Adjesni knew he asked to see them. Plaintiff does not allege that he asked to see Dr. Gordon at all; only that this physician issued a new therapeutic diet order upon request at the first appointment with Plaintiff. Because the allegations fall short of stating a colorable claim for deliberate indifference on the part of these physicians, Count 1 will be dismissed for failure to state a claim against them.

### Disposition

The First Amended Complaint (Doc. 18) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendants **JOHN BARWICK, COUNSELOR A. HAGGARD, JAIME BEN BROOK, FOOD SUPERVISOR ANDREW, FOOD SUPERVISOR KASSING, FOOD SUPERVISOR UNDERWOOD,** and **FOOD SUPERVISOR BURG**.

However, **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim against Defendants **CHRISTINE BROWN, C/O ADCOCK, C/O BIRD, NURSE JANE DOE 1,**

7

**NURSE JOHN DOE 1, NURSE DIANA, NURSE GILL, NURSE BRANDY, DR. BOB, DR. ADJESNI,** and **DR. GORDON.**

The Clerk shall prepare for Defendants **JOHN BARWICK, COUNSELOR A. HAGGARD, JAIME BEN BROOK, FOOD SUPERVISOR ANDREW, FOOD SUPERVISOR KASSING, FOOD SUPERVISOR UNDERWOOD,** and **FOOD SUPERVISOR BURG**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 18), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant. The Court will require that Defendant to pay the full costs of formal service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file appropriate responsive pleading to the First Amended Complaint (Doc. 18) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to SDIL-Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes

8

the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE CHRISTINE BROWN, C/O ADCOCK, C/O BIRD, NURSE JANE DOE 1, NURSE JOHN DOE 1, NURSE DIANA, NURSE GILL, NURSE BRANDY, DR. BOB, DR. ADJESNI, and DR. GORDON as defendants in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED**.

**DATED: 6/2/2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter their appearances and file Answers to your First Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have file Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' attorneys have filed appearances will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.